ERICKSON, Respondent, v. THE CARLBERG COMPANY, Appellant.

(223 N. W. 195.)

(File No. 6035. Opinion filed January 26, 1929.)

*Jorgenson & Anderberg,* of Sisseton, and *Waddel & Dougherty,* of Webster, for Appellant.

*Robert D. Jones,* of Milbank, and *Howard Babcock,* of Sisseton, for Respondent.

BROWN, J.  In the fall of 1919 plaintiff, John P. Erickson, sold to Martin Romsaas a J. I. Case separator with attachments. No mortgage was taken on the property at this time by plaintiff. On September 15, 1920, Romsaas bought from appellant a new Case tractor and gave appellant a mortgage (referred to as Exhibit 1) on the tractor and also on the Case separator with attachments purchased from plaintiff, to secure a note for $1,630, due October 1, 1921.  The mortgage was filed in Day county, where the mortgagor resided and the property was kept, on September 17, 1920.  On June 22, 1921, Romsaas gave plaintiff a mortgage covering the same property to secure a note for $1,594.10, due September 1, 1921.  This mortgage was duly filed on June 23, 1921.  On October 11, 1921, Romsaas gave a mortgage to the International Harvester Company, covering, in addition to other property, the Case separator and tractor already referred to, to secure a note for $534.85, due September 1, 1921, which note and mortgage were

assigned to plaintiff before the commencement of this action. On April 11, 1922, Romsaas gave appellant two notes, one for $150, due May 15, 1922, and one for $1,440, due September 1, 1922, in renewal of the debt, with accrued interest, secured by Exhibit 1, and, to secure said two notes, gave a new mortgage in duplicate, covering the same property described in Exhibit 1, appellant retaining the original note and mortgage as collateral. One of the duplicates was filed in Day county on April 14th and the other in Roberts county on April 11, 1922.

Soon after September 1, 1922, Romsaas, being unable to pay appellant, told W. F. Carlberg, president of the Carlberg Company, to take the mortgaged property and foreclose his mortgage, and shortly thereafter Carlberg and his son went to Romsaas' farm, took the mortgaged property, and were moving it in the direction of Sisseton when they were met by Romsaas in an auto. Romsaas asked why they were taking the property, and Carlberg replied that he had told them to do so, to which Romsaas responded that he had, but he understood that it would be taken by the sheriff, who would serve papers on him. Carlberg said that would only cause additional expense, and at his suggestion Romsaas went to Sisseton along with them, where he executed a written agreement signed by himself and the Carlberg Company, whereby he agreed that the mortgage dated September 15, 1920, might be foreclosed by a sale of the mortgaged property at the north side of the courthouse in the city of Sisseton, in Roberts county. On September 14, 1922, notice of foreclosure was published in a Roberts county paper and the mortgaged property sold on September 23d, by the sheriff of that county, at the place designated in the agreement, to appellant for the aggregate sum of $600, leaving a deficiency due appellant of $982.27. Report of this sale was filed in the office of the register of deeds of Roberts county.

Respondent, claiming that the taking of the mortgaged property by appellant and the attempted foreclosure of appellant's mortgage by a sale in Roberts county constituted a conversion of the property, which extinguished the lien of appellant's mortgage, and that thereby the two mortgages held by respondent became the first lien on the property, brought this action in conversion against appellant, demanding judgment for $2,100. At the trial, on objection of respondent, the court excluded the proof of publication of fore-

closure sale, affidavit and notice of sale, and sheriff's report of chattel mortgage sale under appellant's attempted foreclosure, on the ground that the mortgage described in such documents was the mortgage Exhibit 1, dated Spetember 15, 1920, and that neither said mortgage nor a certified copy thereof had ever been filed in Roberts county, and ruled that the plaintiff was entitled to recover the value of the separator with attachments, but that appellant's claim to the tractor was superior to that of respondent, and instructed the jury to find for plaintiff for the value of the separator and equipment, and also to find the value of the tractor. Pursuant to such instructions, the jury returned a verdict for plaintiff for $950 with interest at 7 per cent per annum from September 11, 1922, and found the value of the tractor to be $900.

Thereafter the court made findings of fact substantially in accord with the facts hereinbefore stated and concluded, as a matter of law, that the attempted foreclosure by the Carlberg Company constituted a conversion of the mortgaged property, which extinguished its lien, and that the Carlberg Company thereby became liable to plaintiff for the reasonable market value of the separator and equipment in the sum of $950, but was not liable for the value of the Case tractor, and, pursuant to said findings and conclusions of law, judgment was entered in favor of plaintiff for $1,121.75, being the $950 with interest, together with the costs of the action, from which judgment and an order denying a new trial Carlberg Company appeals.

The judgment of the trial court was based upon what it considered the equities of the case, that, because the tractor had been sold to Romsaas by appellant, he was entitled to the security on that, and, because the separator had been sold by respondent, he was entitled to the security on the separator. But courts are not permitted to consider the supposed equities of a case to the exclusion of the law. It is conceded that appellant had the first mortgage on both tractor and separator. Appellant's mortgage described the separator as "one Case separator, 26″ cylinder, 46″ rear, bought new in 1919 from John Erickson." It appears from the evidence that, while a separator may be, and sometimes is, sold separately from the attachments, feeder, weigher, and stacker, commonly operated in connection with it, the whole of said equipment, separator, feeder, weigher, and stacker, are commonly referred to

as a separator, and that all were attached together at the time appellant's mortgage was given; and we think a proper construction of the language used in the description in its mortgages includes separator, feeder, weigher, and stacker.

Conceding, for the purpose of the case, that the foreclosure by a sale in Roberts county constituted a conversion, we do not think that the judgment of the trial court can be sustained. Respondent contends that the judgment is erroneous only in not awarding to him the value of all the mortgaged property, tractor as well as separator, because he contends that there is nothing in appellant's pleading to authorize the allowance of his mortgage indebtedness in mitigation of the damages for the conversion, but in this we think respondent is mistaken. Defendant's answer specifically sets up his mortgage as a counterclaim, alleges the amount due on it at the time of the attempted foreclosure, and that this amount was a lien on the property at the time of the attempted foreclosure superior to any lien of plaintiff, and demands as affirmative relief that plaintiff take nothing in the action, and that defendant recover its costs.

The evidence shows that on appellant's mortgage there was due and unpaid at the time of the foreclosure two notes, one of $,1440 and another of $150, which had been taken in renewal of the original note, and the general rule seems to be that, when a mortgagee in attempting to foreclose becomes liable in conversion for failure to comply with the requisites of the statute, the measure of damages recoverable from him is the value of the property sold, less the amount of the mortgage debt remaining unpaid. 11 C. J. 597; Lovejoy v. Merchants' State Bank, 5 N. D. 623, 67 N. W. 956; Hanson v. Skogman, 14 N. D. 445, 105 N. W. 92.

Respondent's mortgages include a large amount of other personal property in addition to the tractor and separator, and, in an action by a junior mortgagee against a prior mortgagee to recover damages for the conversion of the mortgaged property, plaintiff cannot recover, unless he shows that his remaining security is insufficient to pay the debt secured, and the burden of proof is on him to establish this fact. 11 C. J. 621, § 330; Union National Bank v. Moline, Milburn & Stoddard Co., 7 N. D. 201, 73 N. W. 527. Plaintiff gave no proof whatever of the value of the property included in his mortgage, other than the property alleged

to have been converted. Romsaas had surrendered the tractor and separator in controversy to appellant in exchange for the surrender of his note, and respondent in this action could be entitled to recover at all only in the event that his remaining security was insufficient to pay the debt secured, and then his recovery would be limited to so much of the excess in value of the property converted over the amount due on appellant's mortgage as, with the remaining security, would be sufficient to pay respondent.

The judgment and order appealed from are reversed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.