SCHUMACHER, Respondent, v. R-B FREIGHT LINES, INC. et al., Appellants

(45 N. W.2d 458)

(File No. 9111. Opinion filed December 27, 1950)

**Chas. E. Gorsuch** and **Elmer Thurow,** Aberdeen, for Appellants.

**Williamson & Williamson,** Aberdeen, for Respondent.

HAYES, P.J.   Plaintiff brought suit to recover the value of a truck and trailer against which he held what we will call for the sake of brevity first and third mortgages. He had loaned to the owners of this property the sum of $2,300 which, it is understood from the record here, included the unpaid balance of a first mortgage then held by a bank.   Pursuant to an understanding evidenced by a written memorandum, made at the time of said loan by plaintiff, the bank's mortgage was assigned to plaintiff and was received by him as collateral security for the $2,300 loan.   The amount then due on the bank's mortgage was approximately $1,300.   The same was payable in monthly installments of $100, except a final payment of $193.75. The final payment became due on June 28, 1948.   The assignment of the bank's mortgage is dated July 17, 1947.

The mortgage to plaintiff in the sum of $2,300 is dated July 15, 1947, and was payable January 15, 1948.   The same, in addition to the truck and trailer mentioned above, mortgages a vehicle described as "One 1942 Plymouth Four-door Sedan" and, following a description of the chattels, bears

the recitation "Subject to encumbrances of record". On the date of this mortgage encumbrances of record included a chattel mortgage against said truck and trailer in the sum of $3,000 in favor of defendant R-B Freight Lines, Inc.

During the month of January, 1949, defendant Gorsuch, acting as attorney and agent for the corporate defendant to which we will hereinafter refer as R-B, undertook to foreclose the R-B second mortgage. It is conceded 'hat this attempted foreclosure was not in compliance with the laws of the State of South Dakota. At the foreclosure sales defendant Gorsuch acted also as agent of defendant Johnson in purchasing the mortgaged chattels. Johnson paid $300 for the same and thereafter rented the trailer to defendant Stucker and sold the truck to one Munsch.

Pleading ownership of the first and third mortgages mentioned above, plaintiff's complaint alleges a wrongful foreclosure and a conversion of the truck and trailer by defendants R-B, Gorsuch and Johnson and the subsequent acquisition of the trailer by defendant Stucker with knowledge of plaintiff's mortgage. The balance due plaintiff is alleged to be $932, plus interest. Defendants, except R-B, answered admitting the mortgages as pleaded, the foreclosure and sale under the R-B mortgage, and alleging that the first mortgage had been paid; that the value of the truck and trailer sold at foreclosure sale did not exceed $300, and that plaintiff had not been damaged by the acts of defendants or any of them. Defendants appeal from a decision and judgment in plaintiff's favor awarding damages in the sum of $400. The liability of defendant Stucker under the judgment is limited to $100, the value of the trailer at the time of the alleged conversion.

At the trial of the case it was disclosed that the Plymouth car had been sold shortly after the same had been mortgaged to plaintiff and that plaintiff's son, one of the mortgagors in the third mortgage for $2,300, thereafter executed and delivered to plaintiff a chattel mortgage on a small cement block building. It appears that this structure had been placed upon leased premises, with a reserved right of removal, and that the same had been rented for $25 a

month with some rent returns paid over to plaintiff in reduction of the mortgage debt.

The trial court decided that the balance due plaintiff at the time of the alleged conversion was $932 as claimed; that plaintiff is the holder and owner of the first mortgage as collateral security for the loan of $2,300; that the attempted foreclosure and sales under the R-B mortgage were void and defendants R-B, Gorsuch and Johnson thereby appropriated the mortgaged chattels to their own use in violation of plaintiff's rights therein; that defendant Stucker within a short time after the conversion of said trailer rented the same from defendant Johnson and, therefore, participated in the conversion of the trailer by the other defendants; that the mortgage to plaintiff on the cement block building was of no value, and that plaintiff was not obliged to resort to the Plymouth car and cement block building as security for the debt due him and his failure to do so constituted no defense to plaintiff's suit for conversion.

■ Defendants on appeal assert a lack of testimony to prove an assignment of the bank's mortgage to plaintiff as collateral security for the loan of $2,300. No such proof was required in view of defendants' answer expressly admitting the fact.

■ Defendants argue that the evidence indicates payment of the first mortgage. The proof is that payments to plaintiff in reduction of the mortgage indebtedness were credited against the loan of $2,300. In the absence of directions from the debtor respecting the application of payments received by the creditor the latter is at liberty to credit the same upon any obligation then due. SDC 47.-0207. In this instance all payments to plaintiff were received subsequent to the due dates of both obligations then held by him and defendants, not having so directed, may not now be heard to contend that payments to plaintiff should have been applied in reduction of the first mortgage.

■ Defendants point to the opinion of this court in Erickson v. Carlberg Co., 54 S.D. 296, 223 N.W. 195, wherein it is held that in an action by a junior mortgagee against a prior mortgagee to recover damages for the conversion of

the mortgaged property, plaintiff cannot recover, unless he shows that his remaining security is insufficient to pay the debt secured, and the burden of proof is on him to establish this fact. They urge that the proof in the instant case is such as to establish that the value of the Plymouth car and cement block building is altogether sufficient to satisfy the balance owing plaintiff. We have reviewed the conflicting evidence on this issue. No useful purpose would be served in relating the same in detail. We find the proof on plaintiff's part such as to sustain the view of the trial court to the effect that the value of chattels other than the truck and trailer was insufficient from which to realize the indebtedness remaining unpaid at the time of the conversion.

Defendants assert that the evidence is insufficient to sustain the decision to the effect that defendant Stucker participated in the conversion of the trailer. The assignment of error upon which this assertion is made does not specify wherein there is a lack or insufficiency of evidence respecting this point. Also, defendants have wholly failed to brief and argue the basis for this claim. The rule has long been established and adhered to that assignments of error based on the insufficiency of evidence cannot be considered where they fail to specify the particulars wherein the evidence is insufficient. Vol. 2 Dakota Digest, Appeal and Error, 731(5). A brief without argument and authorities fails to comply with SDC 33.0743(5) and an assignment of error not briefed and argued will be deemed abandoned. Union Central Life Ins. Co. v. Codington County, etc., 66 S.D. 561, 287 N.W. 46, 124 A.L.R. 1027.

We find no merit in other points suggested by defendants.

Judgment affirmed.

All the Judges concur.