Bergan, J.
The factual circumstances of the crime for which appellant Monaco was convicted of murder, second degree, are developed in the opinion of Judge Froessel on the prior appeal in this case in 1962 (People v. Fasano and Monaco, 11 N Y 2d 436).
On that appeal, however, Monaco was respondent and the People appellant, from an order of the Appellate Division (14 A D 2d 581), which had reversed the judgment against Monaco and directed a new trial for a purported error in the instructions to the jury. The refusal of the Trial Judge to charge, upon which the Appellate Division had reversed Monaco’s conviction, was, as Judge Froessel noted, “ The narrow question presented by the People’s appeal” (p. 442).
That order for a new trial was in turn reversed in this court on the ground the charge was without substantial error (pp. 442-444), and the case was remitted to the Appellate Division in pursuance of section 543-b of the Code of Criminal Procedure to pass upon questions of fact (p. 445). Upon this remission the Appellate Division affirmed the judgment of conviction (18 A D 2d 1137).
The present appeal by Monaco is the first time, therefore, that the sufficiency of the record as a matter of law to sustain *45 a conviction against him of murder in the second degree has been definitively presented to this court. The sufficiency of the record as to Fasano was passed upon and the judgment affirmed as to him; but Fasano and Monaco are shown by the record to be in quite different legal relationships to the crime.
The range of appellant’s argument is quite limited in scope. He suggests that the record does not sustain the conviction for murder in the second degree, “but at most supported a charge and conviction of manslaughter in the first degree The essential element of murder in the second degree is, without premeditation, a “ design to effect the death of the person killed ” (Penal Law, § 1046).
No doubt Fasano, who actually fired the shot, could have formed that design when he took out the gun and pointed it at the deceased, and the final judgment against him is necessarily based on such a finding. But the proof that Monaco, in the enterprise in which he participated with Fasano, formed such a “ design” to kill is lacking in this record.
Accepting, as we must, a view of the facts most favorable to the People’s case, the record shows a purpose by both defendants to get into a fight with a rival teen-age gang. Fasano was armed with a loaded gun, and the record would sustain a finding that Monaco knew the gun was carried and was loaded.
To set forth with an armed companion into a street fight may sometimes spell out a willful homicide, a “ design ” to kill, by the unarmed person. But a spontaneous and not concerted or planned use of the weapon to kill is not, without more, attributable to the companion whose guilt in a joint design to effect death must be established beyond a reasonable doubt. An agreement to murder must be shown to exclude other fair inferences.
What Monaco did before the gun was pulled out by Fasano and fired, what defendants said to each other in entering the enterprise, all fall short of a design or intention by them to kill anyone. No agreement to kill, no purpose to kill, no expressed intent to kill, even if they found themselves in danger, can be gathered from the evidence. The entire record is consistent with a spontaneously formed decision by Fasano to shoot, in which decision Monaco took no purposeful part.
*46 The record is all in this direction. The testimony of the police officer, Babicke, as to what Monaco said is typical. Fasano had told the officer he ‘‘ went down there for the purpose of grabbing a Ditmas Duke, showing him the gun, and giving him a beating”. Monaco went “ for the same purpose, to show them the gun, give them a beating, to one of the Ditmas Dukes ”. The gun was brought there “ to scare these people ”. The stenographic transcript of Monaco’s statement taken by an Assistant District Attorney shows him to have said “We intended to go down there and see if we could find one of them and scare him and hit him ”.
It is essential that the intent by Monaco to kill be fairly deducible from the proof and that the proof exclude any other purpose by Monaco in going to the scene with Fasano (People v. Weiss, 290 N. Y. 160). (See, also, People v. Dinser, 192 N. Y. 80; People v. May, 290 N. Y. 369; People v. Paige, 283 N. Y. 479.)
The problem was considered in a rather similar ease of street killing in which a knife rather than a gun was used in People v. May (9 A D 2d 508). It was there held that the use of a knife by one of three youths in a fight in which another was killed was not attributable as murder, second degree, to the appellant who was also armed with a knife, absent proof of a willful intent in advance to kill, or participation after he knew the knife was being used by his companion to kill.
In the absence of some statutory synthesis of intention which makes out any homicide to be murder, intended or not (such as Penal Law, § 1044, subd. 2, in respect of a person engaged in felony), whether a homicide is committed “with a design to effect ’ ’ death depends on adequate proof of such a design by each person charged.
This may well be established against co-conspirators who are shown together to have intended to kill; but where the purpose established is less in degree than such an intention, and where the record shows merely a spontaneous act of homicide by one, the other is not, without a greater showing of a personal design to kill, guilty of murder. The record before us does not sustain a conviction for murder, second degree, as to appellant.
*47 But it would sustain a conviction for manslaughter, first degree (under Penal Law, § 1050, subd. 1), for it could be found as a matter of law that Monaco, with Fasano, was engaged in a plan to assault the deceased and that homicide without design by Monaco to effect death resulted (People v. Green, 9 N Y 2d 988).
The judgment should be modified in pursuance of subdivision 2 of section 543 of the Code of Criminal Procedure by reducing the degree of crime for which defendant is convicted from murder, second degree, to manslaughter, first degree, and remitted to the Supreme Court, Kings County, for the imposition of sentence accordingly.
Chief Judge Desmond and Judges Dye, Fuld and Burke concur with Judge Bergan; Judges Van Voorhis and Scileppi dissent and vote to affirm.
Judgment modified, etc.