STATE of South Dakota, Plaintiff
and Respondent,

v.

Donald OPPERMAN, Defendant
and Appellant.

No. 11440.

Supreme Court of South Dakota.

Nov. 12, 1976.

William J. Janklow, Atty. Gen., Peter H. Lieberman and John P. Guhin, Asst. Attys. Gen., Pierre, for plaintiff and respondent.

Lee M. McCahren, Vermillion, for defendant and appellant.

WINANS, Justice.

On April 15, 1975, this court reversed a judgment against petitioner because we found that the contraband used to convict petitioner had been seized pursuant to an inventory search which was unreasonable under the Fourth Amendment to the United States Constitution. *State v. Opperman,* 1975, S.D., 228 N.W.2d 152. On November 3, 1975, the United States Supreme Court granted certiorari; in a 5–4 decision it reversed the judgment of this court and remanded for further proceedings not inconsistent with its opinion. *South Dakota v. Opperman,* 1976, —— U.S. ——, 96 S.Ct. 3092, 49 L.Ed.2d 1000. On August 26, 1976, this court granted a rehearing to ascertain whether the inventory search of petitioner's automobile was in violation of his rights under Article VI, § 11 of the South Dakota Constitution. We find that the inventory procedure followed in this instance constitutes an unreasonable search under our state constitution; accordingly we reverse the decision of the trial court.[1]

We are mindful that the United States Supreme Court found that the inventory procedure followed in this case did not amount to an "unreasonable search" in violation of the Fourth Amendment. *South Dakota v. Opperman, supra.* That decision is binding on this court as a matter of federal constitutional law. *Herb v. Pitcairn,* 324 U.S. 117, 65 S.Ct. 459, 89 L.Ed. 789. "However, manifestly the question remains for us to decide whether it offends any of the provisions of our own constitution and we are under no compulsion to follow the United States Supreme Court in that regard." *House of Seagram v. Assam Drug Co.,* 1970, 85 S.D. 27, 32, 176 N.W.2d 491, 494.

There can be no doubt that this court has the power to provide an individual with greater protection under the state constitution than does the United States Supreme Court under the federal constitution. *Oregon v. Hass,* 1975, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570.[2] This court is the final authority on interpretation and enforcement of the South Dakota Constitution.[3] We have always assumed the independent nature of our state constitution regardless of any similarity between the language of that document and the federal constitution. Admittedly the language of Article VI, § 11 is almost identical to that found in the Fourth Amendment;[4] however, we have the right to construe our state constitutional provision in accordance

---

1. The facts of this case are set out at 228 N.W.2d 152 and will not be repeated here.

2. See also *People v. Disbrow,* 1976, 16 Cal.3d 101, 127 Cal.Rptr. 360, 545 P.2d 272; *State v. Hehman,* 1976, Wash.App., 544 P.2d 1257; *State v. Johnson,* 1975, 68 N.J. 349, 346 A.2d 66; *People v. Brisendine,* 1975, 13 Cal.3d 528, 119 Cal.Rptr. 315, 531 P.2d 1099; *State v. Kaluna,* 1974, 55 Haw. 361, 520 P.2d 51; *Commonwealth v. Campana,* 1974, 455 Pa. 622, 314 A.2d 854, *cert. den.* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139; *State v. Taylor,* 1973, 60 Wis.2d 506, 210 N.W.2d 873.

3. See *State v. Gallagher,* 1976, 46 Ohio St.2d 225, 348 N.E.2d 336; *People v. Beavers,* 1975, 393 Mich. 554, 227 N.W.2d 511, *cert. den.* 423 U.S. 878, 96 S.Ct. 152, 46 L.Ed.2d 111; *Snyder's Drug Stores, Inc. v. North Dakota State*

*Board of Pharmacy,* 1974, N.D., 219 N.W.2d 140; *Davenport Water Co. v. Iowa State Commerce Commission,* 1971, Iowa, 190 N.W.2d 583; *Zale-Las Vegas, Inc. v. Bulova Watch Co.,* 1964, 80 Nev. 483, 396 P.2d 683; *Dr. G. H. Tichenor Antiseptic Co. v. Schwegmann Bros. Giant Super Markets,* 1956, 231 La. 51, 90 So.2d 343; *State v. Stockert,* 1976, N.D., 245 N.W.2d 266; *Cox v. General Electric Co.,* 1955, 211 Ga. 286, 85 S.E.2d 514.

4. S.D.Const., Art. VI, § 11 provides:
"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause supported by affidavit, particularly describing the place to be searched and the person or thing to be seized."

with what we conceive to be its plain meaning. We find that logic and a sound regard for the purposes of the protection afforded by S.D.Const., Art. VI, § 11 warrant a higher standard of protection for the individual in this instance than the United States Supreme Court found necessary under the Fourth Amendment.

Article VI, § 11 of our state constitution guarantees our citizens the right to be free from "unreasonable searches and seizures." We have held that a determination of reasonableness requires a balancing of the need for a search in a particular case against the scope of the particular intrusion. *State v. Catlette,* 1974, S.D., 221 N.W.2d 25. In that opinion we relied on *United States v. Lawson,* 8 Cir., 1973, 487 F.2d 468, and held that an inventory was a search, but found that it was not an unreasonable search as long as it was conducted without investigative motive and its scope was limited to things within plain view.

■ We also find persuasive the reasoning in *Lawson* that for an inventory search to be reasonable, absent a warrant or circumstances constituting an exception to the warrant requirement, there must be a "minimal interference" with an individual's protected rights. 487 F.2d at 475. We now conclude that as a matter of protection under S.D.Const., Art. VI, § 11, "minimal interference" with a citizen's constitutional rights means that noninvestigative police inventory searches of automobiles without a warrant must be restricted to safeguarding those articles which are within plain view of the officer's vision. We therefore affirm the rationale of our original decision as a matter of state constitutional law. *State v. Opperman, supra.*

■ Respondent argues that because petitioner failed to brief or argue the applicability of the state constitution before this court on the first appeal, this issue should be deemed abandoned.[5] See *Schumacher v. R–B Freight Lines, Inc.,* 1950, 73 S.D. 535, 45 N.W.2d 458. Admittedly petitioner did not contend that our state provision should be interpreted as giving greater individual protection than does the federal constitution; this court, however, granted a rehearing to consider that question and afforded both sides the opportunity to brief and argue that point. We find that this matter is properly before the court.[6] Accordingly, we reverse the judgment of the trial court as a matter of state constitutional law.

DUNN, C. J., and COLER and ZASTROW, JJ., concur.

WOLLMAN, J., dissents.

WOLLMAN, Justice (dissenting).

For the reasons set forth in my dissenting opinion issued when this case was first before us, *State v. Opperman,* S.D., 228 N.W.2d 152, 159, I would affirm the judgment of the trial court on the ground that the inventory of defendant's automobile did not constitute an unreasonable search within the meaning of Article VI, § 11 of the South Dakota Constitution.

U.S.Const., Amend. 4 provides:
"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

5. The applicability of the state constitution was raised at the suppression hearing below. The assignment of error on this point alleges only unconstitutionality of the search without a designation of which constitution was relied upon.

6. The state asserts that we should not have heard this matter because the petition for rehearing was not timely filed pursuant to SDCL 15–30–4. This case was remanded by the United States Supreme Court on August 3, 1976. This court received the petition for rehearing on August 9, 1976. Admittedly this petition was not filed until August 26, 1976, but that was through no fault of petitioner. We find the petition timely. In any event, this court has the inherent power on remand to hear an issue of such importance to the citizens of this state.