**Floyd L. GRAHAM, Appellant,**

v.

**STATE of South Dakota, Appellee.**

**No. 13676.**

Supreme Court of South Dakota.

Argued Oct. 14, 1982.

Decided Dec. 28, 1982.

Paul D. Stickney, Sioux Falls, for appellant.

Mikal G. Hanson, Asst. Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

FOSHEIM, Chief Justice.

Pursuant to a plea bargain, whereby the State agreed to dismiss charges of felony murder, attempted murder, robbery, grand theft and attempted escape, appellant agreed to plead guilty to an information charging him with manslaughter in the first degree, SDCL 22–16–15(2),[1] and an information charging him with aggravated assault. The homicide occurred during the course of a robbery committed by appellant, a Ms. Cook, and a Mr. Almont. At his arraignment, appellant testified that the plan called for Mr. Almont to hit the victim on the head and rob him while appellant waited in the getaway car. Appellant testified that they had no plan to kill the victim. The plea-taking court accepted appellant's guilty plea to the manslaughter charge and sentenced him to forty years in the State Penitentiary. Appellant petitioned for post-conviction relief on his manslaughter conviction, alleging ineffective assistance of counsel and that his plea was unsupported by a factual basis. Relief was denied on

---

1. SDCL 22–16–15(2) reads: Homicide is manslaughter in the first degree when perpetrated: (2) Without a design to effect death, and in a heat of passion, but in a cruel and unusual manner[.]

both theories and appellant appeals. We remand.

▮ Appellant argues that there is no factual basis for his plea because the facts do not establish that the crime was committed in the heat of passion or in a cruel and unusual manner.[2] A plea of guilty cannot be accepted unless it is supported by a factual basis established on the record of the arraignment. The arraigning judge simply determines whether the facts establish the elements of the alleged offense and, if so, makes those facts part of the record. *Gregory v. State,* 325 N.W.2d 297 (S.D. 1982); *Spirit Track v. State,* 272 N.W.2d 803 (S.D.1978); SDCL 23A–7–2, –14.[3]

> To determine the kind of homicide of which the accomplice is guilty, it is necessary to look to his state of mind; it may have been different from the state of mind of the principal and they thus may be guilty of different offenses. Thus, because first degree murder requires a deliberate and premeditated killing, an accomplice is not guilty of this degree of murder unless he acted with premeditation and deliberation. And, because a killing in a heat of passion is manslaughter and not murder, an accomplice who aids while in such a state is guilty only of manslaughter even though the killer is himself guilty of murder. Likewise, it is equally possible that the killer is guilty only of manslaughter because of his heat of passion but that the accomplice, aiding in a state of cool blood, is guilty of murder.

W. LaFave & A. Scott, Jr., *Handbook on Criminal Law* § 64 (1972); *State v. Stewart,* 198 Iowa 618, 197 N.W. 974 (1924); *People v. Monaco,* 14 N.Y.2d 43, 248 N.Y. S.2d 41, 197 N.E.2d 532 (1964).[4] "Heat of passion" is distinguished from premeditation and defined as an intent "formed suddenly, under the influence of some violent emotion, which for the instant overwhelmed the reason of the slayer." *State v. Edmunds,* 20 S.D. 135, 104 N.W. 1115, 1116 (1905). Thus appellant's guilty plea must be supported by facts in the arraignment record showing that he committed the crime with the above-described state of mind. There must also be an on-the-record factual basis supporting the charge that the homicide was committed in a cruel and unusual manner, i.e., a "shocking or barbaric" manner, "sufficiently unique in ferocity, duration and manner of accomplishment." *State v. Lange,* 82 S.D. 666, 152 N.W.2d 635, 639 (1967); *State v. Stumes,* 90 S.D. 382, 241 N.W.2d 587 (1967).

**2.** Appellant's argument on appeal is prefaced with the warning that the appeal is "based on only one issue from the Post Conviction proceedings and should not be considered a waiver in any manner of the issues brought out in Petitioner's Petition for Post Conviction Relief." The State does not acknowledge this statement, responding only to the factual basis issue. SDCL 15–26A–60(4) and (6) require that appellant's brief contain a concise statement of the legal issues, related argument and citation to authorities supporting the argument. In *Shaffer v. Honeywell, Inc.,* 249 N.W.2d 251 (S.D.1976) and *Schumacher v. R–B Freight Lines,* 73 S.D. 535, 45 N.W.2d 458 (1950), this court held that an assignment of error not briefed and argued is deemed abandoned. *Schumacher* cited to SDC § 33.0743(5), § 33.-0743 is a source statute for SDCL 15–26A–60. Appellant's failure to comply with SDCL 15–26A–60 is a waiver of all issues not raised, briefed and argued.

**3.** SDCL 23A–7–2 reads: A defendant may plead:

(1) Not guilty;
(2) Not guilty and not guilty by reason of mental illness;
(3) Guilty; or
(4) Nolo contendere.
Except as otherwise specifically provided, a plea of guilty or nolo contendere must be entered by a defendant himself in open court. If a defendant refuses to plead, or if the court refuses to accept a plea of guilty or nolo contendere, the court shall enter a plea of not guilty. The court shall not enter a judgment unless it is satisfied that there is a factual basis for any plea except a plea of nolo contendere.
SDCL 23A–7–14 reads: The court shall defer acceptance of any plea except a plea of nolo contendere until it is satisfied that there is a factual basis for the offense charged or to which the defendant pleads.

**4.** *Monaco* distinguishes this type of case from that charging a conspiracy.

■ The post-conviction record on appeal contains the post-conviction relief court's findings and conclusions on the issues raised in the petition and the court's final judgment. The problem here is that no findings were entered by the post-conviction court on the factual basis issue. As we said in *State v. Hartley,* 326 N.W.2d 226 (S.D. 1982): "It is not our function to make findings or conclusions . . . rather, it is our province to determine if the findings are supported by evidence and if the conclusions are warranted by findings." Our responsibilities and those of the post-conviction court are distinct as defined by statute. SDCL 23A–34–18 [5] requires the post-conviction relief court to enter "specific findings" and to "state expressly its conclusions of law" on all issues raised in the petition for relief. SDCL 15–6–52(a) limits our scope of review to whether those findings are clearly erroneous. It follows that this court cannot proceed until the post-conviction court makes its findings.

Accordingly, we remand to the post-conviction relief court with directions to enter the findings and conclusions required by SDCL 23A–34–18. *Gregory, supra.*

All the Justices concur.

**5.** SDCL 23A–34–18 reads: A court must make specific findings of fact, and state expressly its conclusions of law, relating to each federal, state or other issue presented. The order is a final judgment for purposes of review.