**Floyd L. GRAHAM, Petitioner and Appellant,**

v.

**STATE of South Dakota, Respondent and Appellee.**

**No. 14273.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 16, 1984.

Decided April 4, 1984.

**434**

Paul D. Stickney, Sioux Falls, for petitioner and appellant.

Mikal Hanson, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

FOSHEIM, Chief Justice.

Floyd L. Graham appeals a denial of post-conviction relief on his conviction of manslaughter in the first degree. We affirm.

On December 15, 1979, seventeen-year-old Jeanne Cook and eighteen-year-old Richard Almont met with appellant Floyd L. Graham to arrange a robbery. The plan called for Jeanne to distract the victim sexually while Richard struck him on the head from behind with a crowbar. Graham told the others what to do, provided them with transportation to the victim's house and supplied Richard with the crowbar. In the early morning hours of December 16 the plan was carried out, but Richard, in his own words, "freaked out" and bludgeoned the victim to death with the crowbar. The two youths returned to the get away car and delivered the victim's wallet to Graham. Graham then drove them to the city outskirts. There he disposed of the victim's wallet, credit cards, gun and a bag of coins. Appellant then dropped Jeanne off and paid her $105.00 for her participation. She reported the crime to the police.

Appellant was charged with felony murder, attempted murder, robbery, grand theft and attempted escape. Pursuant to a plea bargain, he pleaded guilty to informations charging him with manslaughter in the first degree and aggravated assault.

Graham then petitioned for post-conviction relief on his manslaughter conviction, alleging, among other things, that his plea was unsupported by a factual basis. His petition was denied, and he appealed that issue. In *Graham v. State*, 328 N.W.2d 254 (S.D.1982), we concluded we could not decide the issue until the post-conviction relief court entered specific findings and conclusions pursuant to SDCL 23A–34–18. After remand to that court, Graham again presents the factual basis question for review.

■ A plea of guilty cannot be accepted unless it is supported by a factual basis established on the record of the arraignment. The court simply determines whether the facts establish all the essential elements of the charged offense. *Gregory v. State*, 325 N.W.2d 297 (S.D.1982); *Spirit Track v. State*, 272 N.W.2d 803 (S.D.1978); SDCL 23A–7–2, –14. In the instant case, the factual basis must support a guilty plea to manslaughter in the first degree. SDCL 22–16–15 provides, in relevant part: "Homicide is manslaughter in the first degree when perpetrated ... [w]ithout a design to effect death, and in a heat of passion, but in a cruel and unusual manner." In the earlier *Graham* appeal we said:

> "Heat of passion" is distinguished from premeditation and defined as an intent "formed suddenly, under the influence of some violent emotion, which for the instant overwhelmed the reason of the slayer." *State v. Edmunds*, 20 S.D. 135, 104 N.W. 1115, 1116 (1905). Thus appellant's guilty plea must be supported by facts in the arraignment record showing that he committed the crime with the above-described state of mind. There must also be an on-the-record factual basis supporting the charge that the homicide was committed in a cruel and unusual manner, i.e., a "shocking or barbaric" manner, "sufficiently unique in ferocity, duration and manner of accomplishment." *State v. Lange*, 82 S.D. 666, 152 N.W.2d 635, 639 (1967); *State v. Stumes*, 90 S.D. 382, 241 N.W.2d 587 (1976).

*Graham*, 328 N.W.2d at 255.

This case is factually noteworthy because Graham's participation in the actual

killing was vicarious. His role in the homicide was one of advisor and instigator. By aiding, abetting or advising, however, a participant can be legally accountable as a principal to the crime. SDCL 22–3–3 provides:

Any person who, with the intent to promote or facilitate the commission of a crime, aids, abets or advises another person in planning or committing the crime, is legally accountable, as a principal to the crime.

In our first *Graham* opinion, we quoted W. LaFave and A. Scott, Jr., *Handbook on Criminal Law* § 64 (1972): "To determine the kind of homicide of which the accomplice is guilty, it is necessary to look to his state of mind." We cited supporting authority from New York. *People v. Monaco*, 14 N.Y.2d 43, 248 N.Y.S.2d 41, 197 N.E.2d 532 (1964). In considering this authority we overlooked an important distinction between our statute and New York law. Unlike South Dakota, New York's aiding and abetting statute requires an aider and abettor to act with the mental culpability required for the commission of the principal crime. N.Y. Penal Law § 20.00 (Consol.1975). *People v. LaBruna*, 66 A.D.2d 300, 414 N.Y.S.2d 380 (1979); *People v. La Belle*, 18 N.Y.2d 405, 276 N.Y. S.2d 105, 222 N.E.2d 727 (1966). SDCL 22–3–3 contains no such requirement.

The factual basis must show that the actor in the crime did in fact commit all the essential elements of manslaughter in the first degree. Once that is established, then one who aids, abets or advises that crime is likewise by operation of law a full participant. To hold otherwise would virtually nullify SDCL 22–3–3, because a literal factual basis could seldom be established to support a guilty plea as to all the essential elements of a crime on the part of each aider and abettor.

At the time of Graham's sentencing hearing the trial court had before it the record of the sentencing hearing of Richard Almont, the person who actually swung the fatal blows. In the colloquy with the court, Almont detailed the robbery. He stated that the plan was to rob, but not kill, the victim. He also described the homicide in these words:

Well, after about five minutes, you know, talking, she started kissing the guy. And I came up behind the corner and I hit him over the head with this crowbar. And then he just started coming at me with a flashlight, hitting me with the flashlight and everything. I took the crowbar and I hit him again and then he went down. Then I started hitting him again on the ground and everything. I couldn't stop. Nothing like that. I just freaked out. And I just kept on hitting him over the head and everything. I don't know, just sorry that I did it and everything.

That statement indicates the homicide was committed in the heat of passion and in a cruel and unusual manner, but without a design to effect death.

At his change-of-plea hearing Graham admitted he instigated the robbery and drove the getaway car. He said the plan called for knocking the victim unconscious by a blow to the head and that while the crime took place he waited at a prearranged location one block from the victim's residence. This establishes his role as aider and abettor. When supplemented with the factual basis for Almont's plea, it is sufficient to sustain the post-conviction relief court's conclusion that Graham's plea satisfies the charge of manslaughter in the first degree.

That the planned robbery unexpectedly resulted in homicide is not cause for absolving Graham of culpability for aiding and abetting manslaughter in the first degree. Clearly, Graham planned a robbery involving violence upon the victim. That a planned blow to the back of the head with a crowbar might kill the victim rather than merely render him unconscious could cause Graham no surprise. It has been written:

It is ... consistent with reason and sound public policy to hold that when a felon's attempt to commit robbery or burglary sets in motion a chain of events which were or should have been within

his contemplation when the motion was initiated, he should be held responsible for any death which by direct and almost inevitable sequence results from the initial criminal act.

*People v. Podolski,* 332 Mich. 508, 52 N.W.2d 201, 204 (1952), cert. denied 344 U.S. 845, 73 S.Ct. 62, 97 L.Ed. 657, reh. denied 344 U.S. 888, 73 S.Ct. 185, 97 L.Ed. 687; *Commonwealth v. Moyer,* 357 Pa. 181, 53 A.2d 736, 741 (1947).

Affirmed.

All the Justices concur.