THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEIM BRUNO, Appellant. [40 NYS3d 113]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered July 2, 2013, convicting defendant, after a jury trial, of attempted murder in the second degree, and sentencing him to a term of 22 years, unanimously reversed, on the law, and the indictment dismissed.

The evidence was legally insufficient to establish beyond a reasonable doubt defendant's accessorial liability for his codefendant's act of shooting the victim. The evidence of what actually transpired at the time of the shooting was very limited. Although the evidence demonstrated that defendant accompanied the codefendant to an apartment where drugs were sold, and fled with him after the codefendant shot the victim in the head, it failed to show, even when viewed in the light most favorable to the People, that defendant shared the codefendant's intent to cause the victim's death (*see People v Monaco*,

14 NY2d 43 [1964]; *People v McLean*, 107 AD2d 167 [1st Dept 1985], *affd* 65 NY2d 758 [1985]).

The evidence did not support an inference that defendant's presence could only be explained by his participation in a planned murder. Although there was some support for an inference that defendant may have been involved in a plan to rob the occupants of the apartment, defendant was not convicted of a crime where intent to commit an underlying felony would serve as a replacement for an otherwise required mens rea. To convict of attempted murder, the People were required to prove defendant's actual and specific intent to kill the victim, and their theory that defendant and the codefendant planned to eliminate any witnesses to the robbery is speculative.

Defendant's conduct, including his actions and statements after the crime, fails to negate a reasonable possibility that the codefendant acted unilaterally in shooting the victim. We have considered and rejected the People's remaining arguments. Concur—Sweeny, J.P., Acosta, Andrias, Manzanet-Daniels and Webber, JJ.