SCHURMAN, Appellant, v. SCHURMAN, et al (DOYLE, et al, Garnishees), Respondents.

(245 N. W. 39.)

(File No. 7267.   Opinion filed November 1, 1932.)

*Canfield & Michael,* of Luverne, Minn., and *B. O. Stordahl,* of Sioux Falls, for Appellant.

*Krause & Krause* and *Ervin P. VanBuren,* all of Dell Rapids, for Respondents.

RUDOLPH, J.   Garnishment proceedings were commenced in the circuit court.   A motion to dismiss the garnishment proceedings, based upon affidavits, was made by the garnishee defendants. After hearing, the trial court entered its order dismissing the garnishment proceedings.   The order contained no recital upon what the order was based; neither was there filed therewith the certificate of the judge who entered the order designating upon what the order was based.   The attempted appeal is from this order.

■ Rule 6, adopted for trial courts of record, provides as follows:   "All orders must forthwith be filed.   When any order is filed there shall be filed therewith all the affidavits and papers presented or used by either party on the motion upon which the order is granted, not then on file.   Every order shall recite, or there shall be filed therewith a certificate of the judge designating, upon what such order is based.   The failure or neglect to file such certificate, affidavits and papers, by the person in whose favor an order is granted, shall be cause for setting aside the order for irregularity."

The order was not set aside under the provisions of the above-quoted rule, but the appeal was attempted to be taken from the order as entered.

This court, in the case of Anderson v. Bruflat, 39 S. D. 555, 165 N. W. 538, said: "In case of an order granted upon affidavits or other written evidence, the record as to such order may be settled under rule 5 [now rule 6] of the Trial Courts."

In the case of Farmers' & Merchants' State Bank of Hecla v. Michael, 36 S. D. 172, 153 N. W. 1008, this court said: "If the order appealed from complies with the provisions of rule 5 [now rule 6] of the circuit court, or if the trial court, failing to comply with such rules, thereafter and within proper time made and attached to such order a certificate covering any omissions in such order, there exists a 'settled record' sufficient for the purposes of this appeal."

In the case of Rodman v. Rodman, 52 S. D. 339, 217 N. W. 507, 508, this court said: "If an order fails to recite upon what it is based, a certificate of the trial judge designating upon what it is based is necessary to authenticate the record for a review of the order."

There has been no attempt here to comply with rule 6. We have no certificate of the trial court designating upon what the order appealed from is based. Under the provisions of rule 6 and the rule announced in the cases above quoted from, it is necessary that the order itself recite over the signature of the judge upon what it is based, or that there be entered a certificate of the judge designating upon what such is based, before there can be a review of the order in this court.

That this court may be able to review any action of the lower court, wherein the record made in the lower court is involved, it is necessary that the record be authenticated, and for this reason we have the requirement for a settled record under the provisions or article 2, chapter 3, part 6, tit. 2, Rev. Code 1919 (sections 2546-2553) and we also have rule 6 that we may have an authenticated record of the proceedings which form the basis of an order. The reasons underlying rule 6 are essentially the same as the reasons underlying the statutory requirement for a settled record. This court in the case of Farmers' & Merchants' State Bank of Hecla v. Michael, supra said: "In case there is no settled record,

and the errors complained of are such as can only be presented upon a settled record, the appeal will not be dismissed, but the judgment below will be affirmed."

To determine whether the trial court was right or wrong in entering the order involved, it would be necessary for this court to review the record upon which the order is based. There is no proper record before us, and it will therefore be presumed that the trial court did not err in entering the order.

We believe it advisable in connection with this opinion, to make the following statement with reference to appealing from an order: Should oral testimony be heard in any proceeding which finally culminates in an order of the court, it is necessary, in our opinion, to have a record made of such testimony, and it becomes incumbent upon a party wishing to appeal from such order to have the record of such testimony transcribed, and the transcript thereof filed as a part of the proceeding and certified as correct by the judge before whom the proceeding is had. The certificate required under rule 6 showing upon what the order is based should then list, by reference, the transcript of the testimony, as thus certified, among the items upon which the order was based. Should there be no basis for an order of the trial court except testimony taken upon the hearing and the record thus made is settled under the provisions of article 2, chapter 3, part 6. tit. 2, Rev. Code 1919, this, in our opinion, would be sufficient compliance with rule 6 to entitle a review of the action of the trial court in entering the order. A motion for a new trial, of course, is never necessary when the appeal is from an order. Where the order is based in part upon affidavits and in part upon oral testimony, then, because there is no provision made in article 2, chapter 3, part 6, tit. 2, Rev. Code 1919, for settling the record in so far as the affidavits are concerned, we are of the opinion that the only manner in which the record may be authenticated is under the provisions of rule 6, and, as above stated, the certificate of the judge should, in this event, list, by reference, the transcript of the testimony (which he has certified as correct) among the items upon which he has based his order.

The order appealed from is affirmed.

CAMPBELL, P. J., and POLLEY, ROBERTS, and WARREN, JJ., concur.