FRAGER, Respondent, v. TOMLINSON, Appellant

(57 N. W.2d 618)

(File No. 9325. Opinion filed March 16, 1953)

**Hitchcock, Nichol & Lassegard,** Mitchell, for Appellant.
**Morgan & Fuller,** Mitchell, for Respondent.

RUDOLPH, J.   Plaintiff brought this action to recover damages to his automobile which were sustained when a car owned by the defendant and driven by defendant's brother ran into plaintiff's car.   Defendant counterclaimed for damages to his car.   The jury returned a verdict which allowed neither plaintiff nor defendant to recover damages. Defendant has appealed.

The facts are as follows:   Plaintiff together with his wife and baby were traveling east on Highway 18.   It was snowing and blowing and the highway was extremely heavy. Plaintiff was following another car which was breaking a track through the snow.   When plaintiff reached a point about 6 miles east of Tripp his car stalled and he was able to

summon the man in the lead car to come to his assistance. However, the motor of plaintiff's car would not start with the result that it was necessary to push the car north on the highway as far as possible in the deep snow. To aid in the movement of the car it was kept in gear and propelled to some extent by means of the starter. When the car was moved as far as it was possible under the circumstances the plaintiff and his wife and baby got into the lead car and went into Tripp. The car stalled about 8 o'clock at night but it was 11 o'clock when plaintiff arrived in Tripp. Immediately upon his arrival plaintiff attempted to get a wrecker to go out and bring his car into town but was unable to do so because of the lateness of the hour. In the morning be obtained a wrecker and arrived at the place where his car was stalled about 7 o'clock. During the night defendant and his brother were driving east on Highway 18 and arrived at the point where plaintiff's car was stalled about 4:20 o'clock in the morning. Defendant described weather and road conditions as "drifting quite bad and gusts, we could not see too far and it would be drifting pretty bad." Defendant's brother was driving defendant's car following a snow plow and ran into the rear of plaintiff's car at the point where plaintiff had left it on the highway.

At the close of the testimony defendant moved for a directed verdict on the grounds that plaintiff was negligent as a matter of law in leaving his car on the highway as he did and that there was no evidence from which the jury could find defendant negligent. After the jury's verdict was returned the defendant moved for judgment notwithstanding the verdict which motion was denied. The defendant has now appealed and his assignments of error questioned the rulings of the court in denying his motion for a directed verdict and the motion for judgment notwithstanding the verdict.

■ The alleged error relating only to the denial of the motions for a directed verdict and judgment notwithstanding the verdict, correct rules of law must necessarily be applied, and not the law as established by the trial court's instructions to the jury. Schmidt v. Carpenter, 27 S. D. 412, 131 N.W. 723; Federal Land Bank v. Houck, 68 S. D. 449,

4 N.W.2d 213; Peterson v. Great American Ins. Co., 74 S.D. 334, 52 N.W.2d 479.

Essential to appellant's contention that the trial court should have directed a verdict is a holding that the facts establish as a matter of law that plaintiff was negligent in leaving his automobile on the highway.

SDC 44.0324 provides:

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of such highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred feet in each direction upon such highway. * * *

"The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved, improved, or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."

■■ If the first paragraph of SDC 44.0324 contained the whole law on the subject of parking or leaving a vehicle on the highway it might be that plaintiff failed to observe the law in this instance. But the last paragraph provides an important qualification or exception which we believe, at least required the court to submit to the jury the question of plaintiff's violation of the statutory duty, upon which his negligence in this case is predicated.

Plaintiff's car was in fact disabled while being driven on the highway. However, to bring the present facts within the exception of the last paragraph the car must be disabled "to such extent that it is impossible to avoid stopping and

temporarily leaving such vehicle in such position." It is clear that plaintiff had no choice about stopping. The motor failed and would not start. He, together with others, pushed the car as far north on the highway as it could be pushed. True, plaintiff left the car until 7 o'clock the next morning, but the word "temporarily" as used in the statute must be a relative term. Whether the car was left "temporarily" on the highway we believe must be determined from all the surrounding facts and circumstances, and it cannot be determined by the passage of a certain number of minutes or hours. We believe the facts as testified to by the plaintiff regarding weather conditions, the stopping and pushing of the car, his attempt to get a wrecker that night and his arrival at the stopped car at 7 o'clock the next morning required that the issue of whether plaintiff had brought his acts on the night in question within the statutory exception should be submitted to the jury.

SDC 44.0324 is section 50 of the Uniform Act Regulating Traffic on Highways. Minnesota has this identical provision in its laws and has construed the exception as meaning that leaving a disabled car on the highway is excusable when it is not reasonably practicable under all the circumstances to move the car. Geisen v. Luce, 185 Minn. 479, 242 N.W. 8. See also Boger v. Kellner, 239 Iowa 1189, 33 N.W.2d 369.

■■ It further appears from the evidence that in trying to start his car after it stalled, and in using the battery in moving the car the "battery ran down". We are of the opinion, therefore, that notwithstanding the provisions of SDC 44.0351 which requires lights on parked vehicles after dark, the question of plaintiff's negligence in this respect under all the facts and circumstances here presented was a question for the jury. We believe that a violation of this statute makes a prima facie showing of negligence, but this is not conclusive and may be overcome by evidence that the failure was excusable or justifiable under the circumstances and not inconsistent with the exercise of due care.

In the case of McCleod v. Tri-State Milling Co., 71 S. D. 362, 24 N.W.2d 485, 487, this court said:

"The rule as to the violation of a statutory duty as declared in this state is that if such violation is the proximate cause of an injury to a person for whose protection the statute was enacted it constitutes negligence as a matter of law unless under certain circumstances it is excusable or justifiable."

See also Larkins v. Kohlmeyer, 229 Ind. 391, 98 N.E.2d 896; Rath v. Bankston, 101 Cal.App. 274, 281 P. 1081; Merback v. Blanchard, 56 Wyo. 152, 105 P.2d 272.

The judgment appealed from is affirmed.

All the Judges concur.