THORSTENSON, Appellant

v.

MOBRIDGE IRON WORKS CO., Respondent

(208 N.W.2d 715)

(File No. 11000. Opinion filed June 29, 1973)

Verne E. Thorstenson, Rapid City, for plaintiff and appellant.

Arend E. Lakeman of Lakeman & Krause, Mobridge, for defendant and respondent.

DOYLE, Justice.

Plaintiff Adolph Thorstenson brought an action for damages for breach of contract against defendant Mobridge Iron Works Company. The trial court directed a verdict in favor of defendant and plaintiff appeals.

On December 1, 1967, plaintiff and defendant entered into a written agreement whereby defendant agreed to sell to the plaintiff a Case 730 farm tractor and a mounted F-11 Farmhand loader with certain attachments. The contract provided for a trade-in of a used tractor and loader owned by the plaintiff with an agreed cash difference of $3900 to be paid when the seller delivered the equipment to the buyer's farm. No delivery date was specified in the contract. In the fall of 1968, defendant notified the plaintiff that there would be no delivery of the equipment as specified in the contract. It is undisputed that the tractor, loader and attachments were not delivered to the plaintiff in accordance with the contract. However, there is considerable dispute between the plaintiff and defendant as to why the equipment was not delivered. The defendant contends that the F-11 Farmhand loader could not be mounted on the 730 Case tractor, that plaintiff refused to accept the tractor and loader unit if mounting required a remodeling or working over of the tractor, and that plaintiff would not accept any other replacement. On the other hand, the plaintiff contends that the

loader could be mounted on the 730 Case tractor without remodeling the tractor or loader to the extent that defendant claimed was necessary. He further contends he offered to mount the loader himself and that he later purchased a Case 730 tractor and an F-11 Farmhand mounted as he desired. The plaintiff purchased this equipment in December 1968 from a Case dealer in Aberdeen, South Dakota, at a price increase of $1000 which the plaintiff claims is a "cover" purchase as provided in SDCL 57-8-31. Uniform Commercial Code (U.L.A.) § 2-712. Plaintiff testified the cover purchase was similar equipment while defendant claims it was an "entirely different tractor" from the one specified in their contract. In our view, these disputed questions of fact should have been submitted to a jury.

When a verdict is directed against the plaintiff we review on appeal the evidence in the light most favorable to the plaintiff. Berlin v. Berens, 76 S.D. 429, 80 N.W.2d 79. A verdict is properly directed when there is no question for a trier of facts and where all reasonable men must agree that there has been an essential failure of proof to establish a prima facie case against the defendant.

The trial court limited its directed verdict in favor of the defendant to the issue of damages and found that the plaintiff failed to introduce evidence of any damages sustained.

When a seller fails to make delivery or repudiates, or the buyer rightfully rejects or justifiably revokes a contract, the buyer has certain remedies available by statute. SDCL 57-8-28 through 57-8-34. Uniform Commercial Code (U.L.A.) § 2-711 through § 2-725. In SDCL 57-8-28, it is provided that the buyer may:

"(1) 'Cover' and have damages under §§ 57-8-31 to 57-8-33, inclusive * * *."

SDCL 57-8-31 provides that:

"* * * the buyer may 'cover' by making in good faith and without unreasonable delay any reasonable purchase of or contract to purchase goods in substitution for those due from the seller."

SDCL 57-8-32 provides:

"The buyer may recover from the seller as damages the difference between the cost of cover and the contract price together with any incidental or consequential damages as hereinafter defined * * * but less expenses saved in consequence of the seller's breach."

It is stated in Uniform Commercial Code (U.L.A.) § 2-712,460:

"This section provides the buyer with a remedy aimed at enabling him to obtain the goods he needs thus meeting his essential need. This remedy is the buyer's equivalent of the seller's right to resell.

"The definition of 'cover' * * * envisages * * * a single contract or sale; goods not identical with those involved but commercially usable as reasonable substitutes under the circumstances of the particular case * * * The test of proper cover is whether at the time and place the buyer acted in good faith and in a reasonable manner, and it is immaterial that hindsight may later prove that the method of cover used was not the cheapest or most effective.

*     *     *     *     *     *

"This section does not limit cover to merchants, in the first instance. It is the vital and important remedy for the consumer buyer as well. Both are free to use cover; the * * * non-merchant consumer is required only to act in normal good faith * * *."

See also Annotation 17 A.L.R.3d 1010 at 1115 and 1117, §§ 44 and 46 relating to incidental and consequential damages.

From a review of the record it appears there was sufficient evidence of damages to the plaintiff under the statutes quoted above to require the question of damages to be submitted to a jury.

Reversed and remanded for trial by jury.

All the Justices concur.