MID–AMERICA MARKETING CORPORATION, Plaintiff and Respondent,

v.

DAKOTA INDUSTRIES, INC. and La-Maur, Inc., Defendants and Appellants.

No. 12085.

Supreme Court of South Dakota.

On Rehearing Oct. 17, 1979.

Decided March 12, 1980.

Rehearing Denied April 14, 1980.

David J. Vickers of Boyce, Murphy, Mc Dowell & Greenfield, Sioux Falls, for plaintiff and respondent; David V. Vrooman, Sioux Falls, Terry N. Prendergast of Boyce,

Murphy, Mc Dowell & Greenfield, Sioux Falls, on brief.

Charles A. Mays of Leonard, Street & Deinard, Minneapolis, Minn., for defendants and appellants; Deming Smith of Davenport, Evans, Hurwitz & Smith, Sioux Falls, on brief.

MORGAN, Justice.

This case is before us on the petition of Mid-America Marketing for rehearing. The parties will be referred to herein in the same manner as they were referred to in the original opinion. The factual history of the case is detailed in *Mid-America Marketing v. Dakota Industries, Inc.*, 281 N.W.2d 419 (S.D.1979), and can be capsulized as follows.

Mid-America (respondent) brought an action against Dakota Industries and LaMaur, Inc. (appellants) seeking damages for the (1) unauthorized disclosure and (2) use of a trade secret in breach of confidence for breach of an implied contract. Respondent claimed that it had confidentially disclosed to Dakota an innovative idea for an electrically heated bonnet to be used in the beauty industry to facilitate the chemical processing of human hair; that Dakota manufactured a bonnet which was the result of respondent's idea; that the design, invention, use, and application of the bonnet was a trade secret; that Dakota wrongfully disclosed the trade secret to LaMaur; and that Dakota and LaMaur conspired to and did appropriate the trade secret for their own use.

The case was heard by a jury which returned a verdict in favor of respondent in the amount of $250,000 compensatory and $20,000 punitive damages. Appellants appealed the judgment to this court and we reversed. We concluded that: (1) The record disclosed no evidence from which the jury could find that either appellant or both of them wrongfully appropriated respondent's trade secret; and (2) respondent's action for breach of implied contract was improper since respondent and Dakota were bound by the terms of an express contract which specified each party's remedy if the contract was terminated. Consequently, we held that the trial court should have directed a verdict in appellants' favor on both the trade secret and the implied contract causes of action.

Respondent contends that our first error was in holding that the express contract foreclosed any action on the implied contract. This argument thrusts two ways: (1) That the question was not assigned as error, nor briefed, nor argued; therefore, it was not properly preserved for consideration by this court; and (2) that under the instructions of the trial court, which were the law of the case and to which we took no exception, there was sufficient evidence whereby the jury could have found that the express contract was void or unenforceable.

■ From our review of the record it appears that appellants (1) moved for directed verdict at the close of the respondent's case upon the grounds that "as a matter of law there can be no recovery based on implied contract where there is a valid express contract"; (2) that again at the close of all the evidence, the parties having rested, they renewed the motion for directed verdict upon all the grounds previously stated; (3) alleged in Assignment of Error I that there was insufficient evidence to establish a prima facie case of breach of implied contract, very vaguely incorporating by reference the motions for directed verdict; and (4) briefed and argued the issues however tersely, thereby preserving the issue for appellate review.

■ The second objection going to the evidence under the court's instruction is also untenable. The court's instruction upon which the respondent relies in pertinent part said: "If you find there was a valid, express contract between the [respondent] and Dakota in relation to the subject matter of the claimed, implied agreement as a matter of law there can be no recovery based on implied contract, and you must return a verdict for the [appellants] on that

count." The existence of a valid express contract is a question of law to be determined by a court, not a jury. Furthermore, appellant having made timely motion for a directed verdict and for judgment n. o. v., we are not bound by the court's instructions as the law of the case but rather we can review the case in the light of the correct law. *Corey v. Kocer,* 86 S.D. 221, 193 N.W.2d 589 (1972); *Frager v. Tomlinson,* 74 S.D. 607, 57 N.W.2d 618 (1953).

We therefore adhere to our previous holding that there was a valid express contract between respondent and Dakota which at the time of the commencement of this action remained unrescinded and which necessarily bars the cause of action for implied contract.

Respondent next contends that we overlooked and misapprehended the jury's verdict against appellants on the trade secrets claim, pointing out that contra to our decision there was ample evidence in the record to support the verdict under the instructions of the trial court.

The majority opinion which held (1) that there was no evidence of wrongful appropriation of respondent's trade secret, and (2) that the valid enforceable contract precluded the cause of action for implied contract, was concurred in by one justice and specially concurred in by another. There were two dissents. The special concurrence agreed that there was an express contract and held that it was the sole remedy precluding recovery on either tort or implied contract theories. Both dissents ignored the contract issue and would have affirmed the recovery on the tort issue alone.

Based on the evidence in the record, we find that a valid cause of action for appropriation of a trade secret did exist. Having so found, we now consider whether the jury verdict can stand since the trial court in this case instructed the jury on one proper and one improper theory, and the jury returned a general verdict in favor of respondent.

Jurors are deemed to be reasonably intelligent. *Allen v. McLain,* 75 S.D. 520, 69 N.W.2d 390 (1955). It is also presumed that a jury understands and follows the court's instructions. *Giltner v. Stark,* 219 N.W.2d 700 (Iowa 1974). In addition, a jury verdict may be read in light of the pleadings in the case, the issues presented by the evidence, and the charge made to the jury. *NEDA Const. Co., Inc. v. Jenkins,* 137 Ga.App. 344, 223 S.E.2d 732 (1976).

"This court has repeatedly stated that, in a civil case, if a general verdict is handed down and the jury could have decided the case on two theories, one proper and one improper, the reviewing court will assume that it was decided on the proper theory." *Eberle v. Siouxland Packing Co., Inc.,* 266 N.W.2d 256, 258 (S.D.1978); *Aschoff v. Mobil Oil Corp.,* 261 N.W.2d 120 (S.D.1977); *Limmer v. Westegaard,* 251 N.W.2d 676 (S.D.1977); *Baker v. Jewell,* 77 S.D. 573, 96 N.W.2d 299 (1959).

The record in this case lacks any affirmative showing that the jury decided the case on the wrong theory. In fact, the record affirmatively shows the opposite. In jury instruction No. 1, the trial court identified the appropriation of a trade secret as the first cause of action, and then went on to instruct the jury that respondent claimed punitive damages on the first cause of action.

In jury instruction No. 20, the trial court instructed the jury that: "If you decide for the [respondent] only on the theory of breach of an implied contract your award may only be for such damages as have been outlined above, and you may not include any damages for sake of example or by way of punishment."

The verdict form submitted to the jury explained that they were to award exemplary or punitive damages only if they found against one or both appellants on the theory of appropriation of a trade secret. In addition to an award of compensatory damages, the jury awarded respondent exemplary damages against both appellants in the amount of $20,000.

■ We therefore conclude that the jury did in fact find for the respondent on the proper theory of appropriation of a trade secret, and not on the improper theory of breach of an implied contract.

Accordingly, on rehearing, we affirm the judgment of the trial court.

DUNN, HENDERSON and FOSHEIM, JJ., concur.

WOLLMAN, C. J., dissents.

WOLLMAN, Chief Justice (dissenting).

I adhere to the views expressed in the original opinion in this case, *Mid-America Marketing v. Dakota Industries, Inc.,* 281 N.W.2d 419 (S.D.1979).