Julie E. MOOR, as Special Administrator
of the Estate of Dennis Jon Moor,
Plaintiff and Appellant,

v.

IOWA MANUFACTURING COMPANY,
d/b/a Cedar Rapids, Defendant
and Appellee.

Nos. 13514, 13517.

Supreme Court of South Dakota.

Argued Feb. 25, 1982.

Decided June 23, 1982.

J. M. Grossenburg of Day, Grossenburg & Whiting, Winner, and Dale Benson of Willoughby & Benson, Burke, for plaintiff and appellant.

David A. Gerdes of May, Adam, Gerdes & Thompson, Pierre, for defendant and appellee.

MORGAN, Justice.

Plaintiff, the administratrix of Dennis Moor's estate, Julie Moor, appeals from a judgment and verdict for defendant in a products liability action. On appeal, plaintiff argues that the trial court erred in removing the issue of defective design of a conveyor roller from consideration by the jury. We affirm.

On June 1, 1978, Dennis Moor became caught in the nip point of a conveyor belt. His arms were lodged between the conveyor roller and the belt, resulting in a slow death by strangulation. Iowa Manufacturing Company designed the roller but the conveyor itself was designed, fabricated, and constructed by Reynolds Construction Company. Plaintiff sued Iowa Manufacturing Company for negligently failing to issue proper warnings and instructions with the roller and for defectively designing the roller itself. The jury found against plaintiff on the claim for failing to warn or instruct, and this issue is not before us on appeal.

At trial, the judge denied plaintiff's instructions regarding defective design. Although the trial judge did not expressly withdraw this portion of plaintiff's complaint from the jury, by refusing the instructions he effectively eliminated the issue from jury consideration.

 Where an issue is removed from the jury's consideration we must view the evidence in a light most favorable to the party presenting the issue. *Fjerstad v. Knutson*, 271 N.W.2d 8, 11 (S.D.1978); *see, e.g., Beck v. Wessel*, 90 S.D. 107, 237

N.W.2d 905 (1976); *Thorstenson v. Mobridge Iron Works Co.*, 87 S.D. 358, 208 N.W.2d 715 (1973); *Corey v. Kocer*, 86 S.D. 221, 193 N.W.2d 589 (1972). Competent evidence must support plaintiff's theory before an instruction is given to the jury. *Wolf v. Graber*, 303 N.W.2d 364, 366 (S.D.1981). The trial transcript demonstrates that the plaintiff's legal theory and evidence were inconsistent.

 Since plaintiff argued that the roller was defectively designed, it bore the burden of proving that the defect existed at the time that the roller left the control of Iowa Manufacturing Company. *See Shaffer v. Honeywell, Inc.*, 249 N.W.2d 251 (S.D. 1976); *Shawver v. Roberts Corp.*, 90 Wis.2d 672, 280 N.W.2d 226 (1979). Moreover, a design defect must be proven unreasonably unsafe. *Shaffer*, 249 N.W.2d at 256; *Shawver*, 280 N.W.2d at 232. Plaintiff's entire theory that the roller was unsafe and defec-

tively designed by Iowa Manufacturing Company depends upon the presence of a "nip" point. A nip point only occurs when a conveyor belt comes in contact with the conveyor roller. A roller by itself does not have a nip point. The nip point occurred only when Reynolds Construction Company used the roller in constructing the conveyor which injured Dennis Moor. Here, however, we are concerned solely with plaintiff's suit against Iowa Manufacturing Company, which did not design or construct the nip point.

For this reason, we affirm the judgment of the trial court.

All the Justices concur.