STATE of South Dakota, Plaintiff and Appellee,

v.

Edwin T. JONES, a/k/a Tom Jones, Defendant and Appellant.

No. 15694.

Supreme Court of South Dakota.

Argued Oct. 7, 1987.

Decided Dec. 16, 1987.

Clair B. Ledbetter, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Ron J. Volesky of Volesky Law Office, Huron, for defendant and appellant.

HENDERSON, Justice.

## PROCEDURAL BACKGROUND

Defendant-appellant Edwin T. Jones (Jones) was convicted of two counts of sexual contact with a child under the age of sixteen. He appeals, contending four areas of circuit court error:

(1) He was denied his constitutional right to confront adverse witnesses.

(2) There was an insufficient basis from which to conclude that requiring victims to testify, at trial, would be substantially detrimental to their well-being.

(3) SDCL 23A–12–9 is unconstitutional.

(4) Testimony regarding black-outs as a symptom of alcoholism was improperly excluded.

We treat these issues seriatim.

## FACTS

During the pertinent time period, females L.P. and L.K., both ten years old, were close friends and schoolmates. They often played together after school and visited each other's homes.

Jones was apparently a close friend of L.K.'s family. L.K. testified at a videorecorded preliminary hearing that she has known Jones since she "was a baby" and indicated that he occupied almost a brother-role to her. Although he was living elsewhere when the alleged crimes occurred, Jones lived in the same home with L.K. throughout most of her childhood.

L.K. testified at said hearing that sometime during December 1985, before Christmas, at approximately three o'clock a.m., she awoke to find Jones rubbing her leg. Jones, smelling like alcohol, proceeded to touch L.K.'s stomach, chest, and crotch. According to L.K., she then pushed Jones away but before he left the house, he began pacing back and forth in the room instructing her not to tell anyone.

L.P. testified also at a videorecorded preliminary hearing regarding a similar incident involving Jones which occurred November 16, 1986, while she was sleeping at L.K.'s house. Jones reportedly woke L.P. by rubbing her knee and he then touched her stomach and crotch. At this point, L.P. noted that she kicked L.K. (who was asleep in the same bed) and woke her. Jones said "Hi, L.K." and then exited the room.

By Complaint, dated December 2, 1986, Jones was charged with two counts of sexual contact with a child under the age of

sixteen.[1] On December 5, 1986, the circuit court, Honorable Eugene L. Martin presiding, granted State's request that preliminary hearing testimony given by L.K. and L.P. be videorecorded and for purposes of (possibly) being admitted into evidence at the trial as former testimony. At the December 10, 1986 Preliminary Hearing, L.K. and L.P. testified and were cross-examined; their testimony was videorecorded. On December 29, 1986, State moved to have the videorecorded testimony admitted into evidence at trial, which request was opposed by Jones via motion. By Order dated January 6, 1987, the circuit court granted State's motion. A trial was held on January 6 and 7, 1987. There is no doubt that Jones objected to introduction of the videotape before trial. There is also no question that during trial, Jones did not object to the introduction of the videotape. Jones was found guilty of both counts and sentenced to serve two consecutive ten-year terms in the State Penitentiary.

Jones appeals. We affirm.

1. SDCL 22–22–7 provides:
   Any person, fourteen years of age or older, who knowingly engages in sexual contact with another person, other than his spouse when such other person is under the age of sixteen years is guilty of a Class 4 felony. If the actor is less than three years older than the other person, he is guilty of a Class 1 misdemeanor.
   Sexual contact is defined in SDCL 22–22–7.1 as:
   [A]ny touching, not amounting to rape, of the breasts of a female or the genitalia or anus of any person with the intent to arouse or gratify the sexual desire of either party.

2. SDCL 23A–12–9 provides:
   Notwithstanding the provisions of § 23A–44–16, if a defendant has been charged with a violation of subdivision (4), (5) or (6) of § 22–22–1, § 22–22–7, § 22–22–19.1 or § 22–22–23, where the victim is less than sixteen years of age, the prosecuting attorney or defense attorney may apply for an order that the victim's testimony at the preliminary hearing or at a deposition, in addition to being stenographically recorded, be recorded and preserved on videotape. The scope and manner of the examination and cross-examination shall be such as would be allowed at the trial. Notice of any such deposition pursuant to this section shall conform in all respects to the notice requirements contained in § 23A–12–2.
   The application for the order shall be in writing and made at least three days before the preliminary hearing or deposition.

**DECISION**

**I., II., AND III.**

Jones urges three alleged errors pertaining to the admission of L.K.'s and L.P.'s videorecorded testimony at trial.

(1) He was denied his constitutional right to confront adverse witnesses.

(2) SDCL 23A–12–9,[2] which permits admission of videorecorded testimony, is unconstitutional.

(3) There was insufficient basis upon which to find that L.K.'s and L.P.'s testimony at trial would be substantially detrimental to their well-being.

We are unable to reach the merits of Jones' contentions for the following reasons.

First, it appears that Jones failed to specifically object at trial regarding the court's decision to utilize videorecorded tes-

Upon timely receipt of the application, the court may order that the testimony of the victim given at the preliminary hearing or deposition be taken and preserved on videotape. The videotape shall be transmitted to the clerk of the court in which the action is pending.
If at the time of trial the court finds that the victim is otherwise unavailable within the meaning of § 19–16–29, or that such testimony would in the opinion of the court be substantially detrimental to the well-being of the victim, the court may admit the videotape of the victim's testimony at the preliminary hearing or deposition as former testimony under § 19–16–30.
SDCL 19–16–30 provides:
   Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, is not excluded by § 19–16–4 if the declarant is unavailable as a witness and if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

timonies of L.K. and L.P.[3]  His Motion in Opposition made before trial is insufficient to preserve the issue for appeal. *See State v. Olson*, 408 N.W.2d 748, 751–52 (S.D. 1987); SDCL 19–9–3. Relatedly, we note that the settled record does not include a trial transcript. Thus, we are unable to ascertain what transpired when State sought to admit the videorecorded testimonies into evidence. Jones, as the party claiming error, had the responsibility to insure that a record was made. *Olson*, 408 N.W.2d at 752; *State v. Hall*, 272 N.W.2d 308, 311 (S.D.1978); *Schurman v. Schurman*, 60 S.D. 489, 492, 245 N.W. 39, 40 (1932). *See also State v. Garton*, 390 N.W. 2d 61, 63 (S.D.1986); *State v. Wilson*, 297 N.W.2d 477, 482 (S.D.1980). The settled record is the sole evidence of the circuit court's proceedings and, when confronted with an incomplete record, our presumption is that the circuit court acted properly. *Garton*, 390 N.W.2d at 63; *Wilson*, 297 N.W.2d at 482; *Hall*, 272 N.W.2d at 311; *Schurman*, 60 S.D. at 492, 245 N.W. at 40.

■ Secondly, although Jones contends he was denied his constitutional right to confront adverse witnesses, he never argues his case in the medium of videorecorded testimony. Nor does he address the reality that he was on notice that videorecorded testimony may be admitted at trial and that he did, in fact, cross-examine L.K. and L.P. at the preliminary hearing. In sum, Jones cites no authority supporting his proposition and ignores rulings from other jurisdictions where videorecorded testimony was found to *not* violate a defendant's right to confront adverse witnesses. *See, e.g., State v. Twist*, 528 A.2d 1250 (Me.1987); *State v. Cooper*, 291 S.C. 351, 353 S.E.2d 451 (1987); *People v. Johnson*, 146 Ill.App.3d 640, 100 Ill.Dec. 330, 497 N.E.2d 308 (1986); *State v. Sheppard*, 197 N.J.Super. 411, 484 A.2d 1330 (1984). *See also State v. Tafoya*, 105 N.M. 117, 729

P.2d 1371 (1986), *cert. denied*, 105 N.M. 94, 728 P.2d 845 (1986); *State v. A.D.M.*, 701 P.2d 999 (Mont. 1985). Essentially, we treat these arguments as waived.

## IV.

■ Jones finally advocates that the circuit court committed reversible error when it failed to permit the admission of evidence that "black-outs" (periods of unconsciousness) are symptoms of alcoholism. We find this argument meritless for reasons we now state.

We initially are cognizant that, in line with the discussion on the previous issues, we have no transcript to examine. Jones' counsel ordered no transcript. His counsel indicated, during oral argument before this Court, that he did not want a transcript because his approach was to rely on the constitutional argument. Once again, using the rationale discussed earlier, we cannot be sure that Jones made the required offer of proof. If he did not, he is foreclosed from arguing this point on appeal. *See* SDCL 19–9–3; *State v. Olson*, 408 N.W.2d 748, 751–52 (S.D.1987). Emphasizing our previous declaration, the settled record is the sole evidence of the circuit court's proceedings and, when confronted with an incomplete record, our presumption is that the circuit court acted properly. *State v. Garton*, 390 N.W.2d 61, 63 (S.D.1986); *State v. Wilson*, 297 N.W.2d 477, 482 (S.D. 1980); *State v. Hall*, 272 N.W.2d 308, 311 (S.D.1978); *Schurman v. Schurman*, 60 S.D. 489, 492, 245 N.W. 39, 40 (1932).

■ Lastly, we note a lack of citation to legal authority supporting this contention. In keeping with the general rule, we deem this issue waived. *In re S.D.*, 402 N.W.2d 346, 352 (S.D.1987); *Corbly v. Matheson*, 335 N.W.2d 347, 348 (S.D.1983); *State v. Shull*, 331 N.W.2d 284, 285 n. 1 (S.D.1983); *Graham v. State*, 328 N.W.2d 254, 255 n. 2

---

**3.** The settled record does not include a trial transcript. In its brief, State argues that Jones failed to specifically object. Jones offered no rebuttal on this point. During argument, counsel, who represented Jones at the trial, admitted that he did not object, at trial, to the introduction of the videorecorded tape.

(S.D.1982). *See also Shaffer v. Honeywell, Inc.*, 249 N.W.2d 251 (S.D.1976); *Schumacher v. R–B Freight Lines*, 73 S.D. 535, 539, 45 N.W.2d 458, 460 (1950).

Affirmed.

All the Justices concur.