1996 SD 80

**JACK RABBIT LINES, INC.,**
**Plaintiff and Appellee,**

v.

**NEOPLAN COACH SALES, INC.,**
**Defendant and Appellant.**

**No. 19416.**

Supreme Court of South Dakota.

Consider on Briefs May 23, 1996.

Decided July 2, 1996.

Rehearing Denied Aug. 6, 1996.

of Johnson, Heidepriem, Miner & Marlow, Sioux Falls, for plaintiff and appellee.

Carl J. Koch, Mitchell, for defendant and appellant.

SABERS, Justice.

[¶ 1] Neoplan appeals a damage award of $187,750, claiming jury instructions were erroneous or not supported by the evidence. We affirm.

## FACTS

[¶ 2] Jack Rabbit purchased two used double-decker buses, 1981 Neoplan Skyliners, from Neoplan for $403,000 in 1987. Neoplan had assured Jack Rabbit that the Skyliners would meet federal and state weight limits and represented that they were recently refurbished and the engines rebuilt.

[¶ 3] Jack Rabbit experienced mechanical problems with the Skyliners. After being cited for overweight violations on the Skyliners, Jack Rabbit weighed them and discovered they exceeded federal, South Dakota, and other state weight restrictions when even partially loaded with passengers. In the summer of 1990, South Dakota and Minnesota instructed Jack Rabbit not to operate the Skyliners on their roads. Jack Rabbit removed them from its fleet.

[¶ 4] Jack Rabbit informed Neoplan that it wanted to return the Skyliners, or trade them in for new Skyliners, if they complied with weight limits. The new Skyliners had similar weight limit problems so Jack Rabbit asked Neoplan to accept the return of the 1981 Skyliners. Neoplan refused. In July 1991, Jack Rabbit sold them for $130,000. Jack Rabbit sued Neoplan for breach of contract, breach of warranty, negligence, and negligent misrepresentation and requested rescission of the purchase agreements, refund of the purchase price and other damages.

[¶ 5] Jack Rabbit presented evidence of damages of $263,665.35.[1] The jury was in-

Tim R. Shattuck of Woods, Fuller, Shultz & Smith, Sioux Falls, and A. Russell Janklow

1. Jack Rabbit's summary of damages:

| | |
|---|---|
| Purchase Price of Bus # 175 (8/12/87) | $203,266.94 |
| Purchase Price of Bus # 176 (9/12/87) | + 200,000.00 |
| Video System in Bus # 176 | + 5,250.00 |

structed on theories of negligent misrepresentation, breach of express warranty, breach of implied warranty, and breach of contract. The jury returned a general verdict for Jack Rabbit for $187,750. Neoplan appeals.

[¶ 6] **Whether the jury was properly instructed on damages.**

[¶ 7] SDCL 57A–2–711 provides remedies for buyers. It allows buyers to purchase substitute goods or recover damages if the seller fails to deliver. Upon rejection or revocation of acceptance, it provides:

> On rightful rejection or justifiable revocation of acceptance a buyer has a security interest in goods in his possession or control for any payments made on their price and any expenses reasonably incurred in their inspection, receipt, transportation, care and custody *and may hold such goods and resell them in like manner as an aggrieved seller* (§ 57A–2–706).

SDCL 57A–2–711(3) (emphasis added).

[¶ 8] An aggrieved seller may resell the goods by public or private sale. SDCL 57A–2–706(2). "Where the resale is made in good faith and in a commercially reasonable manner the seller may recover the difference between the resale price and the contract price together with any incidental damages allowed under [§ 57A–2–710], but less expenses saved in consequence of the buyer's breach." SDCL 57A–2–706(1). A *buyer* may recover the same damages if he justifiably revokes his acceptance of the goods and complies with SDCL 57A–2–706 when selling

the goods. *See Deaton, Inc. v. Aeroglide, Corp.*, 99 N.M. 253, 657 P.2d 109, 114 (1982).

[¶ 9] Jack Rabbit sold the buses at private sale. To comply with SDCL 57A–2–706 when the sale is private, "the seller must give the buyer reasonable notification of his intention to resell." SDCL 57A–2–706(3). The trial court determined that Jack Rabbit did not give notice of the resale to Neoplan. Apparently,[2] the trial court considered *Cole v. Melvin*, 441 F.Supp. 193 (D.S.D.1977). In that case, because Cole failed to notify Melvin of his intention to resell cattle, the court held that Cole had not complied with SDCL 57A–2–706 and could not recover damages otherwise allowed under SDCL 57A–2–706, purchase price less the resale price:

> This lack of notice obviates the need to delve into considerations of commercial "reasonableness"—especially the problematic questions about the time of resale. We can summarily conclude that the difference between resale price and contract price as a measure of damages must be rejected. Plaintiff's course of action subsequent to the breach (failure to comply with code provisions concerning resale) precludes application of the contract/resale price differential as a formula for calculation of damages.

*Cole*, 441 F.Supp. at 205. Because Jack Rabbit did not notify Neoplan of the sale, the trial court correctly refused to allow the jury to consider the damages otherwise available under SDCL 57A–2–706.[3]

| | | |
|---|---|---|
| Total Cost of the Buses | $408,516.94 | |
| Four Years of Depreciation | – 96,000.00 | |
| Value of Buses at Time of Resale (7/12/91) | $312,516.94 | |
| Actual Resales Price | – $130,000.00 | |
| Loss on Resale of the Buses | | $182,516.94 |
| Commission for Resale | + 8,500.00 | |
| Overweight Fines | + 1,279.00 | |
| Other Incidental and Consequential Expenses | + 71,369.41 | |
| **Total Damages** | | **$263,665.35** |

According to Jack Rabbit, the "incidental and consequential expenses" resulted from breakdowns on the road including: the cost of retrieving the buses, and lodging, meals and alternative transportation for passengers.

2. The settled record includes a partial transcript, limited to a portion of the jury voir dire and twelve pages of a motion hearing at the close of Jack Rabbit's case. The trial court does not discuss the *Cole* case therein.

3. At the time of this ruling, counsel for Jack Rabbit asked whether it applied only to the UCC claims, "and not to either negligent misrepresen-

[¶ 10] However, the trial court did instruct on a purchase price/market value differential and Neoplan claims the trial court erred in said instruction. We need not decide that question, however, because Jack Rabbit claims other instructions support the award.

"In determining whether error was probably harmless or probably prejudicial an appellate court is guided by all the factors in the case bearing on the likelihood of prejudice, the force of the evidence to sustain the verdict[,] the assumptions that the jury was intelligent, and *where the verdict is sustainable on more than one theory, that the verdict is based on the theory unaffected by error where nothing in the case suggested the contrary.*"

*Koupal & Anton, Inc. v. Wieczorek,* 375 N.W.2d 639, 641 (S.D.1985) (quoting *Meyer v. Johnson,* 254 N.W.2d 107, 112 (S.D.1977) (emphasis added)). "If at least one proper issue was submitted to the jury, and a general verdict for the plaintiff is returned, the reviewing court will assume that the verdict was returned upon the issue properly submitted." *Id.* (citing *Aschoff v. Mobil Oil Corp.,* 261 N.W.2d 120, 124 (S.D.1977)); *Mid–America Mktg. Corp. v. Dakota Industries, Inc.,* 289 NW2d 797, 799 (S.D.1980). "To be prejudicial, errors must produce some effect upon the final result and affect rights of the party assigning it." *Koupal,* 375 N.W.2d at 641 (citing *K & E Land and Cattle, Inc. v. Mayer,* 330 N.W.2d 529, 533 (S.D.1983)).

[¶ 11] Neoplan claims it is apparent the jury incorrectly used the purchase price less the resale price to determine damages because the jury award was $187,750. Neoplan claims the largest verdict that the jury could properly award without considering the improper jury instruction is $77,898, which is the amount of the incidental and consequential damages claimed by Jack Rabbit. However, Jack Rabbit points out that an instruction for breach of warranty included a measure of damages which would support the award of $187,750. Neoplan did not appeal jury instruction number 23, which provided:

tation or the breach of warranty claim?" The

If Neoplan breached either an express or implied warranty by failing to provide goods which conformed to any applicable warranty, and such failure proximately caused Jack Rabbit to suffer financial injury, Jack Rabbit may recover damages for breach of warranty. *The measure of damages for the breach of warranty is the difference at the time and place of acceptance of the buses between the value of the buses accepted and the value they would have had if they had been as warranted.*

(Emphasis added). Neoplan argues that Jack Rabbit did not present any evidence of the difference in value on the date of delivery between the buses as warranted and the buses as received.

[¶ 12] It is unclear from the settled record whether Jack Rabbit presented evidence of the value of the buses when accepted. However, the burden to establish error is on Neoplan, the appellant. As indicated, Neoplan presented only a portion of the transcript. While Jack Rabbit's summary of damages does not discuss the market value of the buses when they were received or at the time of the breach, it is impossible without a trial transcript to determine whether there was evidence of resale value as market value or a separate market value at the time of acceptance.

[¶ 13] This court has stated:

[T]he settled record does not include a trial transcript. Thus, we are unable to ascertain what transpired when State sought to admit the videorecorded testimonies into evidence. Jones, as the party claiming error, had the responsibility to insure that a record was made. *[State v.] Olson,* 408 N.W.2d [748,] 752 [ (SD 1987) ]; *State v. Hall,* 272 N.W.2d 308, 311 (S.D. 1978); *Schurman v. Schurman,* 60 S.D. 489, 492, 245 N.W. 39, 40 (1932). *See also State v. Garton,* 390 N.W.2d 61, 63 (S.D. 1986); *State v. Wilson,* 297 N.W.2d 477, 482 (S.D.1980). *The settled record is the sole evidence of the circuit court's proceedings and, when confronted with an incomplete record, our presumption is that the circuit court acted properly. Garton,* 390

trial court answered, "Only the UCC claims."

N.W.2d at 63; *Wilson,* 297 N.W.2d at 482; *Hall,* 272 N.W.2d at 311; *Schurman,* 60 S.D. at 492, 245 N.W. at 40.

*State v. Jones,* 416 N.W.2d 875, 878 (S.D. 1987) (emphasis added). Neoplan had the responsibility to provide this court with a transcript from which we could determine whether the trial court erred. Because Neoplan did not do so, we presume the trial court acted properly. Therefore, we affirm.[4]

[¶ 14] KONENKAMP and GILBERTSON, JJ., concur.

[¶ 15] MILLER, C.J., concurs in result.

[¶ 16] AMUNDSON, J., deeming himself disqualified, did not participate.

MILLER, Chief Justice (concurring in result).

[¶ 17] Although I agree that this case must be affirmed, I respectfully disagree with the theory adopted by the majority. As the majority notes, this case was submitted to the jury on theories of breach of contract, breach of warranty, negligence and negligent misrepresentation. Neoplan's sole claim of error flows from its disagreement with the manner in which the trial court instructed the jury on the UCC claims. Because the jury returned a general verdict, we have no idea which theory the jury used in awarding damages.

[¶ 18] In view of the majority's discussion in ¶ 6 et seq., it obviously assumes that the damages were awarded on UCC claims under SDCL ch 57A–2. However, I suggest that is mere speculation. We could just as easily assume the jury awarded damages on the basis of negligent misrepresentation, where there is no challenge to the validity of the instructions.

[¶ 19] Importantly, Neoplan concedes that the jury was properly instructed on all of the other issues. Under the settled law of this state, if a jury returns a general verdict and at least one proper theory was submitted to the jury, we will assume that the verdict was returned on the theory or theories properly submitted. *Koupal & Anton, Inc. v. Wieczorek,* 375 N.W.2d 639, 641 (S.D.1985) (citing *Mid–America Mktg. Corp. v. Dakota Indus., Inc.,* 289 N.W.2d 797, 799 (S.D.1980); *Eberle v. Siouxland Packing Co., Inc.,* 266 N.W.2d 256, 258 (S.D.1978); *Aschoff v. Mobil Oil Corp.,* 261 N.W.2d 120, 124 (S.D.1977)).

[¶ 20] Considering all of the above, coupled with the scant record presented to us by Neoplan, we must affirm. I respectfully suggest that the majority's discussion of the law of damages beginning at ¶ 6 is unnecessary. I would omit ¶ 6 through ¶ 12, because I believe this portion of the opinion is based on speculation about damages and is merely advisory dicta.

---

4. In response to Chief Justice Miller's writing, I submit that the only instructions to instruct the jury how to measure damages were # 32, the *instruction in question,* and # 23, breach of warranty (difference at time and place of acceptance between buses as accepted and buses as warrant-

ed). "Negligent misrepresentation" was defined, but no instruction on measure of damages was given in relation thereto. There were no instructions on measure of damages for any non-UCC claims. I submit therefore that ¶¶ 6 through 12 are not "unnecessary."